ORDER

HOLMES, District Judge.
This matter comes before the Court on Motions for Summary Judgment filed by Intervening Plaintiff, the United States (Docket # 32), Plaintiff Crystal Bay Marina (Docket #36), Intervening Defendant Crystal Bay Estates (Docket #37), and Defendants Bill Sweeden, G.H. “Jess” Ballard, Virgil Williamson, and Bill McBee (collectively referred to herein as “Commissioners”) (Docket # 49).[1]
*840 I.
The Flood Control Act of October 23,1962, P.L. 87-874, Title II, See. 207, 76 Stat. 1196, authorized the construction of Skiatook Dam and Reservoir in Osage County, Oklahoma. Congress designated the purposes of the Reservoir as including flood control, water supply, water quality control, recreation, and fish and wildlife management. Congress further provided that the Chief of Engineers (“Corps”), under the supervision of the Secretary of the Army, may “construct, maintain, and operate public park and recreational facilities” at the Skiatook Reservoir or permit the construction, maintenance, and operation of such facilities by local interests. 16 U.S.C. § 460d.
Pursuant to its statutory authority, in May 1984, the Corps entered into a twenty-year lease with the Public Works Authority of Osage County for a tract of land located in the Skiatook Lake Project Area. The stated purpose of the lease was for “public park and recreational purposes.” In March 1992, the land was sublet to Plaintiff Crystal Bay Marina (the “Marina”). With Corps approval, the Marina pursued plans for the development of a recreational vehicle park on the property.
On August 6, 1993, Crystal Bay Estates, Inc. (the “Estates”) filed a Plat and Deed of Dedication of Crystal Bay Estates with the County Clerk of Osage County, indicating the intended use of Crystal Bay Estates for single family residential development. The land leased by the Marina is adjacent to and within 660 feet of the boundary lines of the Estates.
In December 1993, the Commissioners enacted a zoning ordinance which provided in pertinent part as follows:
1.3.2d. A 660 foot perimeter around platted single family residential districts will be zoned as part that district.
1.4 Regulation of Use, Height, Area, Yards, and Open Spaces Except as herein otherwise provided, no land shall be used and no building, structure, or improvement shall be made, erected, constructed, moved, altered, enlarged or rebuilt which is designed, arranged or intended to be used or maintained for any purpose or in any manner except in conformity with the regulations contained herein.
1.7.3(d) No zoning of lands of any governmental jurisdiction is under this ordinance (emphasis added).
On August 8, 1994, by Nunc Pro Tunc Resolution # 3635, the Board of County Commissioners of Osage County deleted Section 1.7.3(d) of these regulations in an attempt to extend the zoning ordinance to government land. As a result, all of the property operated by the Marina that is within 660 feet of the boundary of the Estates was zoned “Single Family Residential.” The Marina began construction of a recreational vehicle park on the leased premises on September 3, 1994. On October 13,1994, the Osage County Planning Commission notified the Marina that it was in violation of the applicable zoning regulations.
II.
Summary judgment is appropriate where “there is no genuine issue as to any material fact,” Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2648, 2552, 91 L.Ed.2d 265 (1986); Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Ins. Corp., 805 F.2d 342, 345 (10th Cir.1986), cert. denied, 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987), and “the moving party is entitled to judgment as a matter of law,” Fed.R.Civ.P. 56(e). In Celotex, the Supreme Court stated:
[t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party’s case, and on which that party will bear the burden of proof at trial.
477 U.S. at 322, 106 S.Ct. at 2552.
A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, Fed.R.Civ.P. 56(e), sufficient to raise a “genuine issue of material fact.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 *841 (1986) (“The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.”)- “Factual disputes that are irrelevant or unnecessary will not be counted.” Id. at 248, 106 S.Ct. at 2610.
Summary judgment is only appropriate if “there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.” Id. at 250, 106 S.Ct. at 2511. The Supreme Court stated:
[t]he mere existence of a scintilla of evidence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.
Id. at 252, 106 S.Ct. at 2512. Thus, to defeat a summary judgment motion, the nonmovant “must do more than simply show that there is some metaphysical doubt as to the material facts.” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Anderson, 477 U.S. at 250, 106 S.Ct. at 2511 (“There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.” (citations omitted)).
In essence, the inquiry for the Court is “whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.” Anderson, 477 U.S. at 250, 106 S.Ct. at 2511. All the parties to the instant case have filed motions for summary judgment. Based upon this fact and a review of the record and briefs of counsel, the Court concludes that no genuine issues of material fact exist and that this case may be decided as a matter of law.
III.
The Marina and the Corps seek a judgment declaring that the zoning regulations, as applied to federal land, are preempted by federal law and thus unenforceable. The Declaratory Judgment Act provides in applicable part:
In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.
28 U.S.C. § 2201(a). The Court concludes that the instant case constitutes an actual and justiciable controversy for purposes of the Act. Declaratory relief is therefore appropriate.
The Marina and the Corps contend that the zoning ordinance is pre-empted by federal law. Federal preemption of state law generally occurs in two ways. First, Congress may evidence an intent to occupy a given field, thus preempting any state efforts to legislate within that field. See Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm’n, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). The Court can find no evidence of any congressional intent to occupy the relevant field in the instant case. The Supreme Court, however, also has provided that
[i]f Congress has not entirely displaced state regulation over the matter in question, state law is still pre-empted to the extent it actually conflicts with federal law, that is, when it is impossible to comply with both state and federal law or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress.
California Coastal Comm’n v. Granite Rock Co., 480 U.S. 572, 581, 107 S.Ct. 1419, 1425, 94 L.Ed.2d 577 (1987) (emphasis added). The Court concludes that the zoning ordinance at issue here prevents the Marina from using the property in accordance with the purposes and objectives of Congress and therefore is pre-empted by federal law.
The Property Clause of the Constitution provides that “Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States.” U.S. Const. Art. IV, § 3, cl. 2. The Supreme Court has consistently interpreted congressional power under the Property *842 Clause to be “without limitations.” Kleppe v. New Mexico, 426 U.S. 529, 539, 96 S.Ct. 2285, 2291, 49 L.Ed.2d 34 (1976); United States v. San Francisco, 310 U.S. 16, 29, 60 S.Ct. 749, 756, 84 L.Ed. 1050 (1940). Among the powers unconditionally delegated to Congress by the Property Clause is the authority to control the occupancy and use of public lands. See Kleppe, 426 U.S. at 540, 96 S.Ct. at 2292; Utah Power & Light Co. v. United States, 243 U.S. 389, 405, 37 S.Ct. 387, 389, 61 L.Ed. 791 (1917).
Relying extensively on California Coastal Comm’n v. Granite Rock Co., the Estates and the Commissioners assert that the Property Clause does not automatically prohibit the regulation of federal land by the state governments. 480 U.S. 572, 107 S.Ct. 1419, 94 L.Ed.2d 577 (1987). Granite Rock was the holder of an unpatented mining claim in a national forest. The California Coastal Commission instructed Granite Rock to apply for a coastal development permit for any mining undertaken on the land. Granite Rock refused and sought injunctive and declaratory relief in federal court, claiming that the Coastal Commission’s permit requirement was pre-empted by federal law. The Supreme Court stated:
Granite Rock does not argue that the Coastal Commission has placed any particular conditions on the issuance of a permit that conflict with federal statutes or regulations. Indeed, the record does not disclose what conditions the Coastal Commission will place on the issuance of a permit. Rather, Granite Rock argues, as it must given the posture of the case, that there is no possible set of conditions the Coastal Commission could place on its permit that would not conflict with federal law — that any state permit requirement is per se preempted. The only issue in this case is this purely facial challenge to the Coastal Commission permit requirement.
480 U.S. at 579-80, 107 S.Ct. at 1424-25 (emphasis added). Presented with this narrow issue, the Supreme Court concluded that the permit requirement itself was not per se pre-empted by federal law.
The Supreme Court, however, specifically stated that it did not approve “any future application of the Coastal Commission permit requirement that in fact conflicts with federal law.” Id. at 594, 107 S.Ct. at 1432 (emphasis added). Granite Rock, therefore, permits the enforcement of state regulations on federal land only insofar as the regulations do not actually conflict with federal law. Thus, if the zoning regulation at issue in the instant case conflicts with federal law, it is preempted.
Recreation was one of the stated purposes of the Flood Control Act. Congress authorized the Corps to permit local interests to construct, operate, and maintain recreational facilities at the Skiatook project. The Corps approved the Marina’s plans for the development of recreational facilities on the land, including the construction and operation of a recreational vehicle park. The zoning ordinance at issue designates the site of the proposed recreational vehicle park as a “single family residential district.” Enforcement of that ordinance would preclude the development of the recreational vehicle park.[2] Clearly, the ordinance directly conflicts with the federally-approved use of federal land. The Court therefore concludes that the zoning ordinance, as applied to the federal land sublet to the Marina, is pre-empted.
The Estates and the Commissioners submitted a supplemental brief setting forth their claim that the land at issue is not subject to “federal jurisdiction” because the federal government has failed to take the statutory steps necessary to establish exclusive jurisdiction. See 40 U.S.C. § 255. The *843 Corps and the Marina agree that the federal government does not have exclusive jurisdiction over the land. This lack of “jurisdiction,” however, is irrelevant to the present inquiry.
[Wjhile Congress can acquire exclusive or partial jurisdiction over lands within a state ... the presence or absence of such jurisdiction has nothing to do with Congress’ powers under the Property Clause. Absent consent or cession a State undoubtedly retains jurisdiction over federal lands within its territory, but Congress equally surely retains the power to enact legislation respecting those lands pursuant to the Property Clause. And when Congress so acts, the federal legislation necessarily overrides conflicting state laws under the Supremacy Clause.
Kleppe v. New Mexico, 426 U.S. 529, 542-43, 96 S.Ct. 2285, 2293-94, 49 L.Ed.2d 34 (1976) (citations omitted). In support of their claim that this lack of federal jurisdiction subjects federal land to local zoning ordinances, the Estates and the Commissioners rely upon Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 365 A.2d 1093 (1976). Dupuis is a Connecticut Supreme Court case and thus is not controlling in this jurisdiction. Furthermore, Dupuis itself concedes that even if federal jurisdiction is not invoked, local zoning ordinances and building codes are applicable to federal land only “to the extent that they are not inconsistent with the federal purpose in acquiring the lands and are not contrary to federal statutes.” 365 A.2d at 1097 (citing James Stewart & Co. v. Sadrakula, 309 U.S. 94, 103-04, 60 S.Ct. 431, 435-36, 84 L.Ed. 596 (1940)). The Court thus concludes that the jurisdictional argument is irrelevant to the instant case.
Accordingly, the Motions for Summary Judgment filed by the United States (Docket #32) and the Marina (Docket #36) are hereby granted. The Motions for Summary Judgment filed by the Estates (Docket # 37) and the Commissioners (Docket #49) are therefore denied.
IT IS SO ORDERED.

. Also before the Court is Crystal Bay Estates’ Motion to Stay (Docket # 10) these proceedings pending resolution of the state cotut action between the parties. The Court notes that the District Court for Osage County has stayed that action awaiting the outcome of this case. See Informative Mot. by Intervening Def. Crystal Bay Estates (Docket # 26). By ruling on the pending dispositive issues at this time, the motion to stay is hereby moot. .

. The Estates and the Commissioner contend that the zoning ordinance and federal law do not conflict because:
[W]hile the Corps of Engineers may not build a recreational vehicle park on the Leasehold without first seeking a variance, there are numerous recreational facilities that could be built on the Leasehold such as golf courses, tennis courts, playgrounds, swimming areas, marina, camping, picnicing [sic] areas, hiking areas and parks, all of which are permitted within a single family residential zoning district.
Defs.’ Resp. to Pis.’ Mot. for Summ. J. at 3. This argument is without merit because the Supremacy Clause does not require or even contemplate such compromises. The Corps specifically has approved the construction of a recreational vehicle park. Local governments therefore may not foreclose the building of such a park.